UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RENETTA BELL

VERSUS

WALMART, INC., ET AL.

CIVIL ACTION

NO. 24-102-JWD-SDJ

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss for Prescription and Failure to State a Claim* ("*Crossmark's MTD*") (Doc. 23) filed by Defendant Crossmark, Inc. ("Crossmark" or "Defendant Crossmark"). Plaintiff Renetta Bell ("Bell" or "Plaintiff") opposes this motion. (Doc. 27.) Crossmark filed a reply. (Doc. 28.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, *Crossmark's MTD* is granted. To the extent made, Plaintiff's claims against Defendant Crossmark are dismissed without prejudice.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]**

This case stems from a slip-and-fall at the Sam's Club store located at 201 Bass Pro Blvd., Denham Springs, La. (Doc. 8 at ¶ 2.) On April 29, 2023, Bell was shopping at the store when, "suddenly and without warning, [she] slipped . . . in a grease-like substance" and "fell to the floor," sustaining injuries to her "head, face, neck, back, arms, legs, and/or body as a whole." (*Id.* at ¶¶ 3–4.) The substance contained "chicken grease and meat remnants," both of which came from a "food booth" located inside the store. (*Id.* at ¶ 3.) Bell alleges that the booth had been "negligently set up," creating the "hazardous condition" (i.e., the "greasy and slippery" substance) that caused her to slip and fall. (*Id.*)

---

[1] The following factual allegations come exclusively from Plaintiff's *First Supplemental and Amending Complaint* (Doc. 8). At this stage, the Court accepts as true Plaintiff's well-pleaded allegations. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

Bell filed suit against Walmart, Inc. ("Walmart") in the 21st Judicial District Court on August 10, 2023. (Doc. 1 at 1.) On September 8, 2023, she amended her petition to add Sam's East, Inc. ("Sam's") as a defendant. (*Id.* at 2.) Pursuant to 28 U.S.C. §§ 1332 and 1441, these defendants removed the case to this Court on February 12, 2024. (*See id.* at 1, 9–10.) On November 26, 2024, Bell filed her *First Supplemental and Amending Complaint* ("*FSAC*") (Doc. 8), adding Defendant Crossmark. (Doc. 8 at ¶ 1.)

The *FSAC* faults Defendants Sam's and Walmart for, *inter alia*: (1) "[m]aintaining an unreasonably hazardous condition," (2) failing to "inspect the [store] premises," (3) failing to "fix the unreasonably hazardous condition," (4) failing to "warn customers/patrons" of the condition (e.g., by posting signs), and (5) negligently hiring and training and/or supervising employees. (*Id.* at ¶ 5.) Bell also claims that Sam's and Walmart are "vicariously liable for the actions and/or inactions of their employee(s)." (*Id.* at ¶ 6.) Lastly, she alleges that Sam's and Walmart engaged in "spoliation of crucial pieces of evidence," such as surveillance footage and the accident report. (*Id.* at ¶¶ 7, 9–10.) Bell's *FSAC* states that she "is entitled to recover [damages] from the defendants, jointly and/or *in solido*." (*Id.* at ¶ 8.)

The *FSAC* does not mention Crossmark, other than to name it as a defendant, (*id.* at ¶ 1), and to imply that, as one of the defendants, it is jointly and/or solidarily liable, (*id.* at ¶ 8). On August 6, 2025, Crossmark filed the instant motion, seeking dismissal of all claims against it. (Doc. 23-1 at 1.)

II.     **RULE 12(B)(6) STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court "do[es] not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].'" *Calhoun v. City of Hou. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in

the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted).

### III. DISCUSSION

#### A. Parties' Arguments

##### 1. *Crossmark's MTD (Doc. 23)*

Crossmark raises two issues: (1) Bell's claims have prescribed, and (2) Bell fails to allege any wrongdoing by Crossmark. (Doc. 23-1 at 1.) First, Bell's cause of action antedates Louisiana Civil Code Article 3493.1, which increased liberative prescription of delictual actions from one to two years. (*Id.* at 3 (citing Acts 2024, No. 423, § 2, effective July 1, 2024).) Crossmark explains that, because La. Civ. Code art. 3493.1 does not apply retroactively, Bell's cause of action is subject to one-year liberative prescription under the now-repealed La. Civ. Code art. 3492. (*Id.*) "This prescription commences to run from the day injury or damage [wa]s sustained." (*Id.* (quoting La. Civ. Code art. 3492 (repealed 2024)).) Bell alleges that she slipped and fell on the Sam's Club store's improperly maintained floor on April 29, 2023, in which case she had one year from that date to sue Crossmark. (*Id.* (citing Doc. 8 at ¶ 3).) But Bell did not name Crossmark as a defendant until she filed the *FSAC* on November 26, 2024. (*Id.*) Crossmark therefore argues that Bell's claims against it have prescribed. (*Id.*)

Second, Crossmark observes that, although the *FSAC* names it as a defendant, there are no allegations against it. (*Id.* at 3–4.) Bell specifies that Sam's and Walmart (and their employees) were negligent and that they engaged in spoliation. (*Id.*) "[A]t each opportunity" to allege that Crossmark was similarly negligent, Bell "fail[ed] to do so." (*Id.* at 4.) Thus, Crossmark argues, Bell's claims against it "should be dismissed with prejudice." (*Id.*)

4

### 2. *Plaintiff's Opposition (Doc. 27)*

Bell responds that her claims against Crossmark have not prescribed because Defendants are solidary obligors. (Doc. 27 at 2–3 (citing La. Civ. Code art. 1794; *Hoefly v. Gov't Emps. Ins. Co.*, 418 So. 2d 575, 576 (La. 1982)).) She acknowledges that defendants are not presumed to be solidary obligors and that their status as such "is a factual determination." (*Id.* at 3 (citing La. Civ. Code art. 1796).) Bell insists, however, that in stating that "she is entitled to recover from the Defendants, jointly and/or *in solido*," the *FSAC* adequately alleges that, here, Defendants are solidarily obligated. (*Id.* at 3–4 (quoting Doc. 8 at ¶ 8).) For the first time, Bell explains that "the Defendants are obliged to [her] for the same injuries resulting from the same occurrence" (i.e., the slip-and-fall). (*Id.* at 3.) She then argues that, by filing her original complaint against Defendant Walmart on August 10, 2023, she interrupted the one-year liberative prescription of her claims against all solidary obligors, including Defendant Crossmark. (*Id.* at 3–4 (citing La. Civ. Code arts. 1799, 3503).)

Bell notes that Louisiana uses duty-risk analysis for negligence claims. (*Id.* at 4–5 (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06), 923 So. 2d 627, 633).) She explains—again, for the first time—that Crossmark "is a third-party retail marketing company that manages the food and product demonstration booths inside Sam's Club stores," including the booth "described in the [*FSAC*] as having been set up negligently and causing the unreasonably hazardous conditions." (*Id.* at 5.)

### 3. *Crossmark's Reply (Doc. 28)*

Crossmark emphasiszes that "a solidary obligation is not presumed." (Doc. 28 at 1 (quoting La. Civ. Code. art. 1796).) Thus, "[w]hen [a] plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of

5

proving that a solidary relationship exists." (*Id.* at 2 (citing, *inter alia*, *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 869 (La. 1993)).) Likewise, "[w]hen [a] plaintiff's basis for claiming an interruption of prescription is . . . that a *joint tortfeasor* relationship exists between two or more parties, the plaintiff bears the burden of proving [as much]." (*Id.* at 2–3 (emphasis added) (quoting *Turner v. Cain*, No. 12-589, 2018 WL 8576625, at *12 n.125 (M.D. La. Sept. 17, 2018)).) Crossmark also notes that, under Louisiana law, a principal generally "is not liable for the negligent acts of an independent contractor acting pursuant to the contract." (*Id.* at 2 (citing, *inter alia*, *Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994)).)

Crossmark maintains that there are "no factual allegation[s] [in the *FSAC*] to establish a solidary relationship" between Crossmark and the other defendants. (*Id.* at 3.) It takes this omission as tacit acknowledgement "that no such facts exist." (*Id.* at 3–4.) And it argues that "[t]he mere statement that Defendants are solidary obligors" is conclusory. (*Id.* at 4.) Similarly, Crossmark observes that the *FSAC* nowhere suggests that Crossmark is a joint tortfeasor. (*Id.*) In fact, Crossmark reiterates, the *FSAC* does not "make a single allegation of tortious conduct" by Crossmark. (*Id.* at 4–5.) Thus, Crossmark says, the claims against it should be dismissed because they are (1) untimely and (2) non-existent. (*Id.*)

### B. Law & Analysis

#### 1. *Prescription, Joint and/or Solidary Liability*

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *accord Bank of New Orleans & Tr. Co. v. Monco Agency, Inc.*, 823 F.2d 888, 891 (5th Cir. 1987) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising the affirmative

6

defense of prescription." (internal citations omitted)). Under the recently enacted La. Civ. Code art. 3493.1, "[d]elictual actions are subject to a liberative prescription of two years," commencing to run "from the day that injury or damage is sustained." La. Civ. Code art. 3493.1. Because La. Civ. Code art. 3493.1 is prospective, *see* 2024 La. Sess. Law Serv. Act 423 (H.B. 315), claims arising before its effective date—July 1, 2024—remain subject to one-year liberative prescription, also commencing to run from the date of injury, *see* La. Civ. Code art. 3492 (repealed 2024).

If a plaintiff's claim has facially prescribed, then she bears the burden of proving interruption of prescription. *Titus v. IHOP Rest., Inc.*, 09-951 (La. 12/1/09), 25 So. 3d 761, 764. "The interruption of prescription against one solidary obligor is effective against all solidary obligors . . . ." La. Civ. Code art. 1799; *accord* La. Civ. Code art. 3503. "The same principle is applicable to joint tortfeasors." *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 01-1646 (La. 2/26/02), 809 So. 2d 947, 950 (citing La. Civ. Code art. 2324(C)). If, however, the plaintiff's basis for claiming interruption is that the defendants are jointly and/or solidarily liable, "then the plaintiff also bears the burden of proving" this relationship. *Vincent v. Tusch*, 618 So. 2d 385, 385 (La. 1993) (per curiam); *accord Turner*, 2018 WL 8576625, at *12 n.125 (citing *BellSouth Telecomms., L.L.C. v. A & A Cable Contractors, Inc.*, 16-0803 (La. App. 1 Cir. 5/11/17), 221 So. 3d 90, 92).

"An obligation is solidary for the obligors when each obligor is liable for the whole performance."[2] La. Civ. Code art. 1794. The main inquiry is whether the defendants are "obliged to the same thing." *Hoefly*, 418 So. 2d at 576; *accord Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159,

---

[2] It is worth noting for future proceedings that, since 1996, "unintentional tortfeasors are only liable for their share of the fault[,] and the fault should be allocated to all possible tortfeasors." FRANK L. MARAIST & THOMAS C. GALLIGAN, JR., 1 LOUISIANA TORT LAW § 12.02 (2025); *accord* La. Civ. Code art. 2324(B); *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 02-0563 (La. 10/15/02), 828 So. 2d 530, 538 ("With the 1996 amendments to Articles 2323 and 2324(B) . . . the legislature . . . effected a total shift in tort policy. . . . Louisiana's [current] policy is that each tortfeasor pays only for that portion of the damage he has caused[,] and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that other person."). Here, the Court need not consider whether Plaintiff means to allege that Crossmark is a joint tortfeasor rather than a solidary obligor, because the result— interruption of the claim against Crossmark—is the same regardless. *See* La. Civ. Code arts. 1799, 2324(C).

163 (La. 1985). Defendants may be solidarily obligated even though their respective obligations "arise from separate acts or by different reasons." *Hoefly*, 418 So. 2d at 579 (citing La. Civ. Code arts. 2091–2092); *see also Duplechain v. Clausing Mach. Tools*, 420 So. 2d 720, 722 (La. 1982) ("[J]oint tortfeasors are deemed solidary obligors, even though their concurrent negligence results from different acts or breaches of different obligations."); *Pearson v. Hartford Acc. & Indem. Co.*, 281 So. 2d 724, 725 (La. 1973) ("[J]oint tortfeasors are solidary obligors."); *Ford v. Murphy Oil U.S.A., Inc.*, 750 F. Supp. 766, 772 (E.D. La. 1990) ("[J]oint and several liability may be imposed on 'persons whose separate wrongful actions, not done in concert, contribute in unknown proportions to cause . . . indivisible injury.'" (quoting *Thompson v. Johns-Manville Sales Corp.*, 714 F.2d 581, 582 (5th Cir. 1983))); *Milbert v. Answering Bureau, Inc.*, 13-0022 (La. 6/28/13), 120 So. 3d 678, 688 (discussing when, under the current version of La. Civ. Code art. 2324(B), joint tortfeasors are solidarily liable).

Put differently, "[j]oint and solidary tortfeasor liability exists when a plaintiff can show that each actor 'had a substantial role in bringing about'" injury to the plaintiff. *Lawrence v. St. Bernard Police Dep't*, No. 99-3494, 2002 WL 31496374, at *4 (E.D. La. Nov. 6, 2002) (quoting *Anderson v. Nosser*, 438 F.2d 183, 198–99 (5th Cir. 1971); *accord Gruver v. La. Through Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 510 F. Supp. 3d 367, 372 (M.D. La. 2021) (Dick, C.J.). Solidarity is never presumed. La. Civ. Code art. 1796. But the fact that the allegations against a new defendant are the same as those against the original defendant(s) "can be sufficient to establish" a *joint tortfeasor* relationship. *Gruver*, 510 F. Supp. 3d at 372 (citing *Maronge v. Hunt Petroleum Co.*, No. 08-4959, 2009 WL 10680058, at *3 (E.D. La. Apr. 29, 2009).

Here, Bell alleges that the slip-and-fall occurred on April 29, 2023, (Doc. 8 at ¶¶ 3–4), meaning that one-year liberative prescription commenced to run from that date, *see* La. Civ. Code

8

art. 3942 (repealed 2024). Bell did not add Crossmark as a defendant until November 26, 2024—nearly 19 months after the accident. (*See* Doc. 8.) Facially, then, Bell's claims against Crossmark have prescribed, so she bears the burden of proving interruption. *See Titus*, 25 So. 3d at 764. She points out that she timely filed suit against Defendant Walmart (i.e., on August 10, 2023) and argues that Crossmark has a joint and/or solidary relationship with Defendants Sam's and Walmart. (Doc. 27 at 2–4 (citing, *inter alia*, Doc. 8 at ¶ 8); *see also* Doc. 1 at 1.) But by virtue of this claim of interruption, Bell bears the burden of proving Crossmark's status as a joint and/or solidary obligor. *See Turner*, 2018 WL 8576625, at *12 n.125.

Bell has not met this burden. The *FSAC* asserts that "she is entitled to recover from [Defendants], jointly and/or *in solido*." (Doc. 8 at ¶ 8.) But this statement is conclusory. *See In re Great Lakes*, 624 F.3d at 210 (explaining that courts "do not accept" conclusory allegations as true). And nowhere does the *FSAC* allege facts allowing the Court to draw a reasonable inference of Crossmark's joint and/or solidary liability. *See Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In fact, aside from listing Crossmark as a defendant, (Doc. 8 at ¶ 1), the *FSAC* does not mention it by name at all, (*see id.* at ¶¶ 1–10).

In her *Opposition*, Bell adds that each Defendant—ostensibly, including Crossmark—is "obliged to [her] *for the same injuries resulting from the same occurrence*" (i.e., the slip-and-fall). (Doc. 27 at 3 (emphasis added)); *see also Gruver*, 510 F. Supp. 3d at 372. However, this new allegation is "irrelevant for Rule 12(b)(6) purposes."[3] *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Id.*; *see*

---

[3] And as discussed in Section III.B.2, *infra*, Bell fails to allege facts supporting this conclusory allegation.

9

*also Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."); 2 MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed. 2025) (collecting cases); *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (identifying only one unrelated exception to the rule that, "in deciding whether to grant a motion to dismiss, a district court may not 'go outside the complaint'").

The Court finds that the *FSAC* fails to adequately allege that Crossmark is jointly and/or solidarily liable. Consequently, Bell has not carried her burden of proving interruption of prescription. But as discussed below, Bell will be given the opportunity to amend her complaint to cure this deficiency.

### 2. *Allegations against Crossmark*

The Court also finds that Bell has failed to allege any wrongdoing on Crossmark's part. (*See* Doc. 8.) As mentioned above, the *FSAC* merely names Crossmark as a defendant and implies that, as a defendant, it is jointly and/or solidarily liable. (*Id.* at ¶¶ 1, 8.) Whereas the *FSAC* makes specific allegations of negligence on the part of Sam's and Walmart (and their employees), (*see id.* at ¶¶ 5–6), it fails to do so for Crossmark, (*see id.* at ¶¶ 1–10). Likewise, the *FSAC* alleges that only Sam's and Walmart engaged in spoliation. (*Id.* at ¶¶ 7, 9–10.) Crossmark is in no way implicated. (*See id.* at ¶¶ 1–10.) Thus, from the *FSAC*, it is unclear whether/how Crossmark fits into the picture. (*See id.*) That is, the *FSAC* does not permit the Court "to infer more than the mere possibility of misconduct" by Crossmark. *See Harold H. Huggins Realty*, 634 F.3d at 796.

In her *Opposition*, Bell clarifies that Crossmark "is a third-party retail marketing company that manages the food and product demonstration booths inside Sam's Club stores," including the booth "described in the [*FSAC*] as having been set up negligently and causing the unreasonably hazardous conditions." (Doc. 27 at 5.) Again, though, the Court cannot consider new allegations contained in the *Opposition*. *See Schneider*, 151 F.3d at 1197 n.1; *see also Gines*, 699 F.3d at 820. The (non-existent) claims against Defendant Crossmark will be dismissed, although the Court will grant Bell leave to amend.

### IV.   LEAVE TO AMEND

Bell has requested leave to amend should the Court grant *Crossmark's MTD*. (Doc. 27 at 5.) Considering that this is the first time that the Court has ruled on a motion to dismiss the *FSAC*, the Court agrees that leave to amend is appropriate.

"[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955) (citations omitted). The Fifth Circuit has explained:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). One leading treatise has elaborated:

> As the numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally is not with prejudice—meaning, not immediately final or on the merits—because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that

11

> the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if there is no basis for concluding that the plaintiff can state a claim and thus permitting an amendment would be futile. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice would be to allow at least one amendment regardless of how unpromising the initial pleading appears because it usually is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief. Such a practice would be in line with the more forgiving treatment courts typically give to initial attempts to amend.

5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (4th ed. 2025) (internal citations omitted).

Here, "the Court will act in accordance with the [above] 'wise judicial practice.'" *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 641–42 (M.D. La. 2018) (deGravelles, J.); *see also Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, 611 F. Supp. 3d 230, 250 (M.D. La. 2020) (deGravelles, J.) (citing *JMCB*, 336 F. Supp. 3d at 641–42) ("[B]ecause Plaintiffs did not amend their complaint in response to a ruling by this Court, and because of the above 'wise judicial practice,' the Court will grant Plaintiffs one final opportunity to amend their complaint to state viable claims against the [defendants]."); *Murphy v. Bos. Sci. Corp.*, No. 18-31, 2018 WL 6046178, at *1 (M.D. La. Nov. 19, 2018) (deGravelles, J.) (citing, *inter alia*, *JMCB*, 336 F. Supp. 3d at 641–42) (reaching same result).

Failure to cure the deficiencies will result in the dismissal—with prejudice—of Plaintiff's claims against Defendant Crossmark.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Crossmark's *Motion to Dismiss for Prescription and Failure to State a Claim* (Doc. 23) is **GRANTED**. To the extend made, Plaintiff's claims against Defendant Crossmark in the *First Supplemental and Amending Complaint* (Doc. 8) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days from this Court's ruling on Defendant Crossmark's *Motion to Dismiss for Prescription and Failure to State a Claim* in which to cure the above deficiencies. If Plaintiff fails to do so, then to the extent made, Plaintiff's claims against Defendant Crossmark will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>December 8, 2025</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**